UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| POET INVESTMENTS INC., f/n/a Broin Enterprises, Inc., a South Dakota Corporation, and POET NUTRITION, INC., f/n/a Dakota Gold Marketing, Inc., a South Dakota Corporation | CIV 08-4091 |
| | MEMORANDUM OPINION AND ORDER |
| Plaintiffs, vs. | |
| MIDWEST AG ENTERPRISES, INC., a Minnesota Corporation and JIM MOLINE, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, POET Investments, Inc., formerly known as Broin Enterprises, Inc., ("Broin") and POET Nutrition, Inc., formerly known as Dakota Gold Marketing, Inc., seek to dismiss Defendants, Midwest Ag Enterprises, Inc.'s and Jim Moline's, counterclaims for fraud and punitive damages on the basis that Defendants failed to plead these counterclaims with sufficient particularity under Fed. R. Civ. P. 9(b).

## BACKGROUND

The facts will be stated in the light most favorable to Defendants, the non-moving party in this matter. In January 2006, Plaintiff, POET Investments, then known as Broin Enterprises, Inc., doing business as Dakota Gold Marketing, entered a Dakota Gold Marketing Agreement ("Agreement") with Defendant, Midwest Ag. Per the Agreement, Plaintiff, Broin, appointed Defendant, Midwest Ag, "as the proprietary customer/representative/distributor of Dakota Gold Products" in the Pacific Rim, Southeast Asia, and Japan in return for Midwest Ag's promise that it would purchase dry distillery grain only from Broin.

As a result of a dispute arising out of this Agreement, Broin filed a Complaint on May 23, 2008, in the Second Judicial Circuit for the State of South Dakota. Pursuant to 28 U.S.C. § 1446, Defendants removed the action to the United States District Court for the District of South Dakota, Southern Division, on grounds of diversity jurisdiction under 28 U.S.C. § 1332. Count 1 of the Complaint requests a judgment from the Court declaring the parties' rights and obligations under the Agreement. Count 2 alleges breach of contract. In Count 3, Plaintiffs allege tortious interference with contracts and business relationship expectancies. Count 4 alleges commercial disparagement.

In their counterclaim, Defendants assert the following counterclaims: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) fraud and deceit, (4) tortious interference with the business relationship and expectancies, (5) defamation, and (6) punitive damages.

Plaintiffs have moved to dismiss Defendants' fraud and punitive damages counterclaims on the basis that Defendants failed to plead these claims with the requisite particularity in violation of Rule 9(b).

## LEGAL STANDARD

A.     Rule 12(b)(6) Standard

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Because the pleading rules require only "notice" pleading, rather than detailed fact pleading, a court must construe a plaintiff's allegations liberally, and should only dismiss a complaint if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

In deciding whether to dismiss, a court may consider only the facts alleged in the pleadings, documents attached as exhibits[1] or incorporated by reference in the pleadings,[2] and public documents.[3]

B.  Rule 9(b) Standard

While Rule 9(b) must be applied in conjunction with the general pleading requirements of the Federal Rules, Rule 9(b) does require more specificity when pleading fraud than for pleading other causes of action. *Abels v. Farmers Commodities Co.*, 259 F.3d 910, 920 (8th Cir. 2001). Specifically Rule 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).

"To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex. rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). A defendant need not plead all of these factors to meet Rule 9(b) requirements, but must allege facts such that his pleadings are not merely

---

[1] *Stahl v. USDA*, 327 F.3d 697, 700-01 (8th Cir. 2003) (finding that district court properly considered contract documents that were attached to motion to dismiss without converting motion into one for summary judgment).

[2] *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997) (stating that may consider extra-pleading material "necessarily embraced by the pleadings" including documents incorporated by reference)).

[3] *Stahl*, 327 F.3d at 700-01 (finding that district court properly considered certain public records in ruling on a motion to dismiss under Rule 12(b)(6)).

conclusory. *Roberts v. Francis*, 128 F.3d 647, 651 n.5 (8th Cir. 1997). When determining whether a pleading is sufficient, a court must determine whether the complaint provides adequate notice to enable the adverse party to respond to the allegations of fraud or deceit brought forth by the plaintiff. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) ("Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain a higher degree of notice, enabling the defendant to respond specifically...to potentially damaging allegations of immoral and criminal conduct.").

## DISCUSSION

Plaintiffs have moved to dismiss Defendants' counterclaims for fraud and punitive damages on the basis that they failed to plead these claims with the requisite particularity in violation of Rule 9(b). Should the Court determine that Defendants have not satisfied the requirements of Rule 9(b), Defendants request that the Court deny Plaintiffs' Rule 12(b)(6) motion until Defendants are able to conduct discovery in support of these claims. After discovery is concluded, Defendants suggest that the Court may then revisit the merits of the claims on a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment. In the alternative, Defendants request that their counterclaims be dismissed without prejudice with leave to amend their Complaint after they have conducted further discovery in support of these claims.

A.  Fraud and Deceit Counterclaim

The Court finds that Defendants have failed to plead their counterclaim for fraud and deceit with particularity as required under Rule 9(b). While the Court finds that Defendants sufficiently alleged that misrepresentations concerning the exclusive customer, representative, and distributor relationship between the parties forms the basis of Defendants' fraud claim, this alone is insufficient to satisfy the requirements of Rule 9(b).

4

In their counterclaim for fraud, Defendants allege that Broin: (1) intentionally suggested facts that were not true; (2) asserted untrue facts, when it had no reasonable ground for believing them to be true; (3) suppressed facts which they were bound to disclose or whose suppression resulted in misleading Defendants; and/or (4) made promises without any intention of performing. The Court finds that because these allegations essentially encompass any type of representation, oral or written, made by Broin to Defendants, it is impossible for Plaintiffs to adequately respond to and prepare a defense to the charges of fraud and deceit against them.

Accordingly, Defendants' counterclaim alleging fraud and deceit is dismissed without prejudice. The Court grants Defendants leave to amend their counterclaim after they have conducted discovery in support of this claim. Defendants counterclaim does not appear to be clearly frivolous although due to the sparsity of the allegations, that is not easy to determine. The Court finds that incorporating this counterclaim at a later juncture, if timely made, would not unduly prejudice Plaintiffs in this case. *See McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) (stating that court should consider whether amendment would unduly prejudice the non-moving party or would be futile); *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1233, 1255 (8th Cir. 1992) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.").

B.  Punitive Damages Claim

While Rule 9(b) states that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," courts frequently require that the plaintiff plead specific facts that make it reasonable to infer that defendant had the requisite state of mind. In support of Plaintiff's motion to dismiss, the Eighth Circuit in *Cameron v. Whirl Windhorse*, 494 F.2d 110, 114 (8th Cir. 1974) dismissed a claim for punitive damages because the complaint did not allege anything more than the mere conclusion that defendants acted wilfully, knowingly, and maliciously. The district courts in the Eighth Circuit that have addressed this issue have, as in *Cameron*, required the plaintiff to plead facts from which the court may infer the requisite state

5

of mind. *See Asbury Square, L.L.C. v. Amoco Oil Co.,* 221 F.R.D. 497, 501 (S.D. Iowa 2004); *Brown v. N. Central F.S., Inc.,* 987 F.Supp. 1150, 1153 (N.D. Iowa 1997); *In re TMJ Implants Prods. Liab. Litig.,* 872 F.Supp. 1019, 1038 (D. Minn. 1995); *Johnson v. Kansas City Life Ins. Co.,* No. 05-3280, 2006 WL 328421, at *2 (D. Neb. 2006).

The Court agrees with Plaintiffs that Defendants have failed to plead their counterclaim for punitive damages with particularity as required under Rule 9(b). Defendants in this case, like the plaintiff in *Cameron,* do no assert any specific acts to support a claim for punitive damages. Defendants' punitive damage claim asserts only that Plaintiffs' conduct "constitutes oppression, fraud, malice, and has been willful, wanton, and malicious entitling Defendants to punitive damages." Without such specific allegations, the Court finds that Plaintiffs are unable to respond to or investigate the claim in a meaningful manner.

As with Defendants' counterclaim alleging fraud and deceit, Defendants' counterclaim for punitive damages is dismissed without prejudice. The Court grants Defendants leave to amend their counterclaim after they have conducted discovery in support of this claim. Defendants counterclaim does not appear to be clearly frivolous although due to the sparsity of the allegations, that is not easy to determine. The Court finds that incorporating this counterclaim at a later juncture, if timely made, would not unduly prejudice Plaintiffs in this case. *See McAninch v. Wintermute,* 491 F.3d 759, 766 (8th Cir. 2007) (stating that court should consider whether amendment would unduly prejudice the non-moving party or would be futile); *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.,* 32 F.3d 1233, 1255 (8th Cir. 1992) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.").

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:
(1) Defendants' counterclaim of fraud and deceit be DISMISSED without prejudice;

(2) Defendants' counterclaim for punitive damages be DISMISSED without prejudice;

(3) that Defendants' request for leave to amend their complaint be GRANTED.

Dated this 24th day of March, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summa Wahpid
DEPUTY