UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MIDWEST AG ENTERPRISES, INC., a Minnesota Corporation; MIDWEST AG EXPORTS, INC., a Minnesota Corporation; and JIM MOLINE; | * * * * * * | CIV. 08-4091 |
| Plaintiffs, | * * | ORDER ON MOTION |
| -vs- | * * | |
| POET INVESTMENTS, INC., f/b/a Broin Enterprises, Inc., a South Dakota Corporation; and POET NUTRITION, INC., f/k/a Dakota Gold Marketing, Inc., a South Dakota Corporation; | * * * * * * * | |
| Defendants. | * * | |

****************************************************************************

Pending is plaintiffs' Motion to Compel (Doc. 76).

**JURISDICTION**

The pending Motion was referred to the Magistrate Judge pursuant to Judge Piersol's Order of Referral dated December 30, 2009 (Doc. 78) and Judge Piersol's Standing Order dated November 29, 2006. A new Standing Order was filed by Chief Judge Karen Schreier on March 18, 2010.

**BACKGROUND**

Plaintiffs have moved to compel the production of notebooks maintained by POET Nutrition, Inc. employee Dr. Matthew Gibson during the course of his employment. Dr. Matthew Gibson was hired on February 24, 2003, and worked as the director of technical services and then as vice

president of technical services. Both of these positions required him to provide technical support for the sale of various feed products made as a byproduct of ethanol production and sold by POET Nutrition. This technical support included providing information regarding POET Nutrition's products and their nutritional value; it did not involve business development. Dr. Gibson was also employed as the executive director of the Dakota Gold Research Association, which performs research to promote the use of distillers products in animal feeding. Dr. Gibson's has a bachelors degree in animal science as well as his masters degree and a doctorate degree.

Dr. Gibson provided POET's counsel with six spiral-bound notebooks containing approximately 950 pages of handwritten notes. POET produced 78 pages. POET later produced another ten pages of notes. POET did not produce Dr. Gibson's notebooks in their entirety because most of the information in the notes is unrelated to issues in the lawsuit. The notes include information regarding product development, personal issues, and unrelated legal matters. Some notes are privileged attorney-client communications and technical information that POET deems proprietary and confidential.

## DECISION

This is the classic discovery dispute— defendants claim it is a fishing expedition; plaintiffs claim it should be able to determine for itself whether particular evidence is likely to lead to admissible evidence without leaving it for the defense to make that determination unilaterally. The disputed documents are not before the court. The parties have submitted written briefs with their arguments. The parties are familiar with Federal Rules of Civil Procedure 26 and 34, together with case precedent relating to those rules of discovery.

It is ORDERED that plaintiffs' motion to compel (Doc. 76) is GRANTED AS FOLLOWS:

1. The defense shall remove from Dr. Gibson's notebooks any material it believes is protected by privilege or is protected by trade secret or principles related to proprietary information. The defense shall create a log of these pages pursuant to Fed. Rule of Civ. P. 26(b)(5).

2. Plaintiffs' counsel shall be given the opportunity to view the remaining pages from the notebook at the offices of defense counsel. After viewing the remaining pages of the notebook Plaintiffs' counsel may designate which pages plaintiffs believe are discoverable and explain to defense counsel why each page is discoverable. If defense does not object, the respective page(s) shall be produced. If the defense objects, a log shall be produced jointly by the parties which identifies the page and identifies the reason the respective parties believe the page is or is not discoverable. The log and the disputed pages shall be furnished to the court for a further ruling.

Dated this 7th day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge